J-A17030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ALLAN J. NOWICKI JONATHAN NOWICKI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| | : | No. 2622 EDA 2021 |
| CROWN FINANCIAL CORPORATION | : | |

Appeal from the Judgment Entered November 19, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2017-02778

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                     **FILED AUGUST 31, 2022**

Appellants Allan J. Nowicki and Jonathan Nowicki appeal from the order granting summary judgment in favor of Appellee Crown Financial Corporation. On appeal, Appellants argue that the trial court erred in granting Appellee's motion for summary judgment because there were genuine issues of material fact.  Appellants also claim that the trial court erred by deciding credibility issues that should have been reserved for a jury and in relying on fraudulent and intentional misrepresentations by Appellee's counsel.  We affirm.

We adopt the trial court's summary of the facts and procedural history underlying this matter.  ***See*** Trial Ct. Op., 2/10/22, at 1-4.  Briefly, the parties entered an agreement for a commercial land transaction in 2016.  Ultimately, after Appellants failed to provide the agreed-upon $15,000 payment before

_____

[*] Retired Senior Judge assigned to the Superior Court.

the April 7, 2017 deadline, Appellee terminated the agreement and retained Appellant's initial deposit. Appellants subsequently filed a complaint raising breach of contract claims against Appellee. Both parties filed cross-motions for summary judgment in 2020 and renewed motions for summary judgment in 2021. Following a hearing on October 29, 2021, the trial court issued an order granting Appellee's renewed motion for summary judgment and denying the motion filed by Appellants.

Appellants filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellants' claims.

On appeal, Appellants raise the following issues for review:

1. Did the [trial court] err in granting summary judgment to [Appellee] by deciding an issue of credibility that should have been presented to the jury?

2. Did the [trial court] err in granting summary judgment to [Appellee] when there were genuine issues of material fact?

3. Did the [trial court] err in granting summary judgment to [Appellee] by relying on fraudulent and intentional misrepresentations to the court at oral argument by [Appellee's] attorney[,] Gregory F. Cirillo?

Appellants' Brief at 6.

All of Appellants' claims challenge the trial court's order granting summary judgment in favor of Appellees. In reviewing this issue, we are guided by the following principles:

Our standard of review is *de novo* and our scope of review is plenary. Summary judgment is appropriate where there is no

- 2 -

genuine issue of material fact as to a necessary element of a cause of action that can be established by discovery or expert report. In reviewing an order granting a motion for summary judgment, an appellate court must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party.

*Liberty Mutual Grp., Inc. v. 700 Pharmacy, LLC*, 270 A.3d 537, 547-48 (Pa. Super. 2022) (citations omitted and formatting altered).

To establish a cause of action for breach of contract, the plaintiff must prove three elements: "(1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (citation omitted). Further, it is well settled that "[w]hen performance of a duty under a contract is due, any nonperformance is a breach." *McCausland v. Wagner*, 78 A.3d 1093, 1101 (Pa. Super. 2013) (citation omitted). "If a breach constitutes a material failure of performance, the non-breaching party is relieved from any obligation to perform; thus, a party who has materially breached a contract may not insist upon performance of the contract by the non-breaching party." *Id.* (citation omitted).

Here, following our review of the parties' briefs, the relevant law, and the trial court's opinion, we affirm on the basis of the trial court's analysis of this issue. *See* Trial Ct. Op. at 6-10. Specifically, we agree with the trial court that there was no dispute that Appellants breached the parties' agreement by failing to "make a valid tender of $15,000 to Appellee by April

- 3 -

7, 2017." *Id.* at 8 (citation omitted). Therefore, "[p]er the terms of the second amended [a]greement, Appellee was entitled to terminate the [a]greement and retain the full amount of deposit money paid by Appellants to Appellee in the event of Appellants' breach." *Id.* (citation omitted). Further, because the trial court's ruling "did not turn on any fact that was in dispute[,]" we agree with the trial court that there were no issues of material fact that required a determination from a jury, nor were there any credibility issues precluding the trial court from entering summary judgment in favor of Appellee. *See id.* at 9-10. Finally, we agree with the trial court that Appellants have failed to identify any specific statements by Appellee's counsel that were "intentionally fabricated, fraudulent, or misleading." *Id.* at 9. Therefore, Appellants are not entitled to relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2022

- 4 -